IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

TERRANCE GRISSOM,

                Plaintiff,

    v.

OFFICER VANDENLANGENBERG
and SERGEANT SCHLOSSTEIN,[1]

                Defendants.

OPINION & ORDER

14-cv-490-jdp

---

      Pro se plaintiff Terrance Grissom, a prisoner currently incarcerated at the Waupun Correctional Institution, has filed this proposed civil lawsuit under 42 U.S.C. § 1983 and Wisconsin law alleging that defendants Officer VanDenLangenberg and Sergeant Schlosstein refused to give plaintiff his asthma medication and taunted him about it. Plaintiff seeks leave to proceed *in forma pauperis*, but he has "struck out" under 28 U.S.C. § 1915(g), which means that he cannot obtain indigent status under § 1915 in any suit he files during the period of his incarceration unless he alleges facts in his complaint from which an inference may be drawn that he is in imminent danger of serious physical injury.

      After considering plaintiff's allegations, I conclude that he properly alleges that he was in imminent danger at the time he filed his complaint. However, before the court may screen the merits of his claims, plaintiff will have to pay an initial partial payment of the filing fee or explain why he cannot do so.

---

[1] I have amended the caption to reflect the proper spelling of defendants' names as reflected in the documents attached to plaintiff's complaint.

1

ALLEGATIONS OF FACT

The following facts are drawn from plaintiff's complaint and attached documents. Plaintiff Terrance Grissom is a prisoner currently incarcerated at the Waupun Correctional Institution. During the events in question in this case, plaintiff was incarcerated at the Green Bay Correctional Institution.

On June 21, 2014, plaintiff had an asthma attack.  Plaintiff made repeated requests for his inhaler. Defendants Officer VanDenLangenberg and Sergeant Schlosstein refused to give plaintiff his inhaler. Instead, they made derogatory statements to plaintiff such as, "We hope you die," "We don't have to give you shit," and called plaintiff "bitch ass black boy." Plaintiff does not say what happened to him but I can infer that he suffered through the asthma attack. At some other point plaintiff asked for his inhaler but was not given it. Instead, he was given "a plastic bottle nasal spray" that "does not work."

ANALYSIS

1.     **Imminent danger**

Plaintiff seeks leave to proceed *in forma pauperis* in this case. However, as stated above, plaintiff has "struck out" under 28 U.S.C. § 1915(g). This provision reads as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

On at least three prior occasions, plaintiff has brought actions that were dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted.

*Grissom v. Rauschenbach*, 04-cv-1252 (E.D. Wis. Feb. 9, 2005); *Grissom v. Champagne*, 04-cv-1251 (E.D. Wis. Feb. 9, 2005), *Grissom v. Gordon*; 04-cv-1249 (E.D. Wis. Feb. 9, 2005). Therefore, he cannot proceed *in forma pauperis* in this case unless I find that he has alleged that he is in imminent danger of serious physical injury.

To meet the imminent danger requirement of 28 U.S.C. § 1915(g), a prisoner must allege a physical injury that is imminent or occurring at the time the complaint is filed[2] and show that the threat or prison condition causing the physical injury is real and proximate. *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)). In his complaint, plaintiff alleges that he suffered through an asthma attack because defendants did not give him his prescribed medication, and, at least at the time he filed his complaint, he was still being denied his prescribed medication and instead being given different medication.

Courts have held that asthma can be sufficiently serious to constitute a serious medical need. *See e.g.*, *Board v. Farnham*, 394 F.3d 469, 484 (7th Cir. 2005); *Garvin v. Armstrong*, 236 F.3d 896, 898 (7th Cir. 2001). At this point, plaintiff's allegations are sufficient to meet the relatively low bar required to meet the "imminent danger" standard he faces as a three-strikes litigant. *Ciarpaglini*, 352 F.3d at 331 (It is improper to adopt a "complicated set of rules [to discern] what conditions are serious enough" to constitute "serious physical injury.") Therefore, plaintiff may proceed on his claims without prepayment of the $350 filing fee.

---

[2] This means that plaintiff does not lose the ability to proceed on "imminent danger" claims by virtue of his transfer from GBCI *after* he filed the complaint, even though it is fair to say that he is not currently facing the harm raised in the complaint.

2.      **Initial partial payment**

Although I conclude that plaintiff qualifies to proceed *in forma pauperis* under the imminent danger exception to 28 U.S.C. § 1915(g), plaintiff must still make an initial partial payment of the filing fee before the case can be screened. In addition, plaintiff will have to pay the remainder of the fee in installments of 20% of the preceding month's income in accordance with 28 U.S.C. § 1915(b)(2).

The initial partial payment is calculated by using the method established in § 1915 by figuring 20% of the greater of the average monthly balance or the average monthly deposits to the plaintiff's trust fund account statement. Plaintiff did not submit a trust fund account statement along with his complaint, but from the statement he submitted in another case in this court, *Grissom v. Kuluike*, No. 14-cv-590-jdp, Dkt. 3, I calculate his initial partial payment to be $0.03. If plaintiff does not have the money in his regular account to make the initial partial payment, he will have to arrange with prison authorities to pay some or all of the assessment from his release account. This does not mean that plaintiff is free to ask prison authorities to pay his entire filing fee from his release account. The only amount plaintiff must pay at this time is the $0.03 initial partial payment. Plaintiff should show a copy of this order to prison officials to ensure that they are aware that they should send plaintiff's initial partial payment to this court.

ORDER

IT IS ORDERED that:

1.      Plaintiff Terrance Grissom is assessed $0.03 as an initial partial payment of the $350 fee for filing this case. Plaintiff is to submit a check or money order made payable to the clerk of court in the amount of $0.03 or advise the court in writing why he is not able to submit the assessed amount on or before February 2, 2015.

4

2.      If plaintiff fails to meet this deadline, he will be held to have withdrawn this action voluntarily and the case will be closed without prejudice to plaintiff filing his case at a later date.

Entered this 12th day of January, 2015.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge

5